UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TAMMY A. SAMBROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:12cv460 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant.[1] | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). 42 U.S.C. §423; 42 U.S.C. §1383c. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. Gotshaw v. Ribicoff, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); Garcia v. Califano, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. See Jeralds v. Richardson, 445 F.2d 36 (7th Cir. 1971); Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." Garfield v. Schweiker, 732 F.2d 605, 607 (7th Cir. 1984) citing Whitney v. Schweiker, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rhoderick v. Heckler, 737 F.2d 714, 715 (7th Cir. 1984) quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); see Allen v. Weinberger, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." Garfield, supra at 607; see also Schnoll v. Harris, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law

Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since August 1, 2009, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: bipolar disorder, major depressive disorder, degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ( 20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) and 416.967(b) except the claimant can lift and carry 10 pounds frequently and 15 pounds occasionally; sit for 6 hours in an 8-hour day; stand and walk for 6 hours in an 8-hour day; requires an at-will sit/stand option; reports difficulty using the right upper extremity and is reduced to frequent use of hand/arm controls, feeling, fingering, handling objects, reaching, and reaching overhead; is not limited in the use of her left upper extremity; can never climb ladders, ropes, or scaffolds; can frequently balance and stoop; can occasionally kneel, crouch, crawl, and bend; must avoid all exposure to unprotected heights, hazardous machinery, and vibrations; can perform simple repetitive tasks of a routine nature; can occasionally interact with the general public; can occasionally to frequently interact with supervisors and co-workers; would be off-task 2 to 3% of the day with 0% loss of productivity; and could frequently respond to changes in the workplace.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 17, 1967 and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

3

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a) and 416.968(d)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2009, through the date of this decision (20 CFR404.1520(g) and 416.920(g)).

(Tr. 29-39).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to SSI or DIB. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on January 4, 2013. On April 11, 2013, the defendant filed a memorandum in support of the Commissioner's decision, to which the Plaintiff replied on April 22, 2013. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. See Singleton v. Bowen, 841 F.2d 710, 711 (7th Cir. 1988); Bowen v. Yuckert, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the

4

> claimant is disabled. A negative answer at any point, other than
> step 3, stops the inquiry and leads to a determination that the
> claimant is not disabled.

Nelson v. Bowen, 855 F.2d 503, 504 n.2 (7th Cir. 1988); Zalewski v. Heckler, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord Halvorsen v. Heckler, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), alleging that she became disabled on August 1, 2009 (Tr. 198-204), due to symptoms associated with bipolar disorder, anxiety, major depression, back pain, rheumatoid arthritis, hypertensive cardiovascular disease, hypertension, and headaches (Tr. 229). Her applications were denied initially and upon reconsideration (Tr. 81-84). On March 31, 2011, Plaintiff appeared with her attorney and testified at a hearing before an administrative law judge (ALJ); a vocational expert also testified (Tr. 75-116). On May 27, 2011, the ALJ issued a decision in which he found that Plaintiff was not disabled under the Social Security Act (the Act) because she was able to perform work that existed in significant numbers in the national economy (Tr. 27-40). On June 23, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.[2] Plaintiff filed this civil action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Agency's decision.

Plaintiff was 43 years old when the ALJ rendered his decision (Tr. 40, 198). She had a high school education (Tr. 230); prior to her alleged disability onset date, she had worked as an office manager, administrative clerk, receptionist, and medical secretary (Tr. 103).

The only issue in this case is whether the ALJ correctly determined that Plaintiff had the RFC to perform a significant number of jobs in the national economy. As noted above, the ALJ found that Plaintiff had the RFC to

> lift and carry 10 pounds frequently and 15 pounds occasionally; sit for 6 hours in au 8-hour day; stand and walk for 6 hours in an 8-hour day; requires an at-will sit/stand option; reports difficulty using the right upper extremity and is reduced to frequent use of hand/arm controls, feeling, fingering, handling objects, reaching, and reaching overhead; is not limited in the use of her left upper extremity; can never climb ladders, ropes, or scaffolds; can frequently balance and stoop; can occasionally kneel, crouch, crawl, and bend; must avoid all exposure to unprotected heights, hazardous machinery, and vibrations; can perform simple repetitive
> tasks of a routine nature; can occasionally interact with the general public; can occasionally to frequently interact with supervisors and co-workers; would be off-task 2 to 3% of the day with 0% loss of productivity; and could frequently respond to changes in the workplace.

(Tr. 31). The ALJ arrived at his highly restrictive RFC assessment after reviewing the entire record, including the opinion evidence of five doctors regarding Plaintiff's functional limitations (Tr. 33-36). After discussing this evidence, the ALJ explained that he was giving "great weight" to the opinions of J.V. Corcoran, M.D., and J. Gange, Ph.D., medical experts who reviewed Plaintiff's claim file for the state agency and completed forms setting forth functional limitations—both physical and mental, respectively (*see* Tr. 383-400, 401-08). As the ALJ noted, these doctors were "well-versed in the assessment of mental and physical residual functional capacities" (Tr. 35). The ALJ was entitled to rely on the opinions of these doctors; under the regulations, state agency medical consultants and other program physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(I).

Plaintiff contends that the ALJ erred by not giving controlling weight to the opinions of James R. Carroll, M.D., Michael Kelly, D.O., and psychiatrist Dewnzar Howard, M.D. All three of these doctors completed check-box forms, submitted to them by Plaintiff's law firm, indicating that Plaintiff had extreme physical and mental limitations (*see* Tr. 344-51, 416-24, 438-45). For instance, both Dr. Carroll and Dr. Kelly indicated on the forms that they completed that Plaintiff could sit and stand/walk for a total of less than two hours during the day (Tr. 346, 419). The ALJ rejected those opinions because they were inconsistent with the objective medical evidence, including the doctors' own findings, as well as Plaintiff's own allegations (Tr. 35-36).

A treating source's opinion as to the nature and severity of a claimant's impairments is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). *See also Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) (medical opinions must be based on objective evidence, not subjective allegations); *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) ("if the treating physician's opinion is inconsistent with the consulting physician's opinion, internally inconsistent, or based solely on the patient's subjective complaints, the ALJ may discount it."). The Seventh Circuit has observed that when a doctor sets forth unexplained and extreme limitations he might be attempting to help the patient obtain disability benefits. *See Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) ("The treating physician's opinion . . . may also be unreliable if the doctor is sympathetic with the patient and thus 'too quickly find[s] disability.'") (quoting *Stephens v. Heckler*, 766 F.2d 284, 289 (7th Cir.1985)).

The ALJ was skeptical of Dr. Howard's diagnosis of extreme mental limitations for the same reason: they were inconsistent with the evidence of record, particularly with Dr. Howard's limited treatment notes (Tr. 437-32) and the doctor's opinion that Plaintiff had a global assessment of functioning (GAF) score of 60 (Tr. 438). Plaintiff correctly notes that the Commissioner has cautioned against relying solely on GAF scores (Pl.'s Br. at 16), but she cites no authority for her implied proposition that an ALJ should ignore clear contradictions in the evidence. *See also*, *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("nowhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score" (internal quotations and citations omitted)).

Plaintiff also contends that the ALJ committed reversible error by failing to account for her obesity in his RFC finding (Pl.'s Br. at 22-23). She points to complications that "may" result from obesity, but she does not identify a single page of evidence demonstrating that her obesity caused any limitations beyond those accommodated in the ALJ's highly restrictive RFC finding. The Seventh Circuit has held that it is insufficient for a plaintiff merely to allege incomplete evaluation of obesity by an ALJ without specifying how her obesity further impaired her ability to work. *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). This is especially true when, as in this case (Tr. 35), the ALJ based his RFC finding, in significant part, on the opinion of a state agency reviewing doctor who took the claimant's obesity into account (*see* Tr. 401). *Skarbek*, 390 F.3d at 504.

Finally, Plaintiff argues that the ALJ erred in evaluating the credibility of her allegations (Pl'.s Br. at 18-21). In assessing a claimant's credibility, an ALJ considers a number of factors, including, inter alia, daily activities; the location, duration, frequency, and intensity of

symptoms; precipitating and aggravating factors; medications taken; and treatment. 20 C.F.R. § 404.1529(c)(3). Social Security Ruling 96-7p, 1996 WL 374186. The determination of credibility is normally considered a factual matter, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990); because the ALJ is "in the best position to determine a witness's truthfulness and forthrightness," the Seventh Circuit has held that a court "will not overturn an ALJ's credibility determination unless it is patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (internal quotations and citations omitted); *see also Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quoting *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004)); *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1995) (because "the ALJ is in the best position to observe witnesses, [courts] usually do not upset credibility determinations on appeal so long as they find some support in the record and are not patently wrong.").

In the present case, Plaintiff argues that the ALJ erroneously relied upon the absence of objective medical evidence to support Plaintiff's allegations (Pl.'s Br. at 20). In fact, however, the ALJ discussed his evaluation of Plaintiff's credibility at length (Tr. 36-38), noting that her daily activities included caring for young children at home and that she had made inconsistent allegations about her engagement in hobbies or interests (Tr. 36; *compare* Tr. 255 (claiming to have no hobbies or interests, such as reading, watching TV, sewing, or playing sports) with Tr. 495 (reports doing activities that she enjoys)). The ALJ also noted inconsistencies in Plaintiff's reports about the onset date of her disability, the fact that mental health treatment had been generally successful, the fact that medications controlled her depression and anxiety, and the fact that she lied under oath about her past use of illegal drugs (Tr. 37). The ALJ acknowledged that her misrepresentations about past drug use (*see* Tr. 84-85, 91-92) could be explained by concern

9

about "admitting an illegal act to an official," but he nevertheless "considered both [her] lack of candor and the possibility that [she] lied under oath out of fear rather than to deceive" (Tr. 38). In any case, this was a legitimate factor for the ALJ to consider in evaluating whether Plaintiff was a reliable witness. It is clear that Plaintiff has failed to demonstrate that the ALJ's credibility assessment was "patently wrong," therefore the court will give the ALJ's assessment due deference.

As noted, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy and was therefore not disabled (Tr. 38-40). This finding was supported by the opinion of the vocational expert, who testified to the existence of over 3,000 representative positions in the regional economy that could be performed by an individual with Plaintiff's vocational profile and functional limitations (*see* Tr. 108-09). The ALJ therefore properly concluded that because Plaintiff could perform a significant number of jobs, she was not disabled under the terms of the Act and therefore not entitled to DIB or SSI (Tr. 38-40). *See* 20 C.F.R. § 404.1520(a)(4)(v). *See also Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989) (vocational expert's testimony satisfies Commissioner's burden to produce evidence of a significant number of jobs). Accordingly, the decision of the ALJ will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: May 30, 2013.

s/ William C. Lee
William C. Lee, Judge
United States District Court