UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TAMMY A. SAMBROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:12cv460 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412, filed by the plaintiff, Tammy A. Sambrooks ("Sambrooks"), on September 12, 2014. The defendant has declined to file a response.

For the following reasons, the motion will be granted.

Discussion

The Equal Access to Justice Act ("EAJA") provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A). *See also Golembiewski v. Barnhart*, 382 F.3d 721, 723-724 (7th Cir. 2004); *Stewart v. Astrue*, 561 F.3d 679, 682 (7th Cir. 2009).

The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts

alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The Commissioner bears the burden of establishing that his position was substantially justified. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. With respect to precisely what the Commissioner must prove to have been substantially justified, in the 1985 amendments to the EAJA, Congress expressly defined the "position of the United States" to mean both its position in the civil action and "the action or failure to act by the agency upon which the civil action is based…" 28 U.S.C. Section 2412(d)(2)(D). Thus, the entire history of the Commissioner's position in this matter should be considered.

In the present case, the Seventh Circuit found that the ALJ failed to properly weigh the medical evidence. The Court found that the ALJ mischaracterized the record when rejecting the opinions from treating physician Dr. Kelly and thus failed to provide any other good reason for rejecting the opinions (slip opinion, p. 6). The Seventh Circuit also noted that the ALJ erred by relying on Sambrooks's activities of daily living to contradict the medical opinions (slip opinion, pp. 6-7). In addition, the ALJ failed to consider the logical explanation for Dr. Kelly's opinion regarding the onset (slip opinion, p. 7). Furthermore, the ALJ improperly rejected the opinions from treating source Dr. Howard based on the claimant's GAF score. The Court noted that GAF scores are not determinative and there were other lower GAF scores in the record. Furthermore, the Court found the ALJ failed to provide good reasons for rejecting the opinions from a third treating source, Dr. Carroll. *Id.* The Seventh Circuit next found that the ALJ erred by relying on the opinions from non-examining sources who relied on evidence that was specifically rejected

2

by the ALJ and because these sources reviewed an incomplete record (slip opinion, pp. 7-8). Finally, the Court found that the ALJ failed to give sufficient reasons for finding Ms. Sambrooks' allegations not credible (slip opinion, p. 8). Given the ALJ's failure to properly weigh the opinions from three different treating sources and the failure to adequately consider Sambrooks's testimony, the Seventh Circuit found remand was required.

Because the Commissioner's position was not substantially justified, Sambrooks is entitled to an award of attorney fees. Under the EAJA, fees may not be awarded at a rate higher than $125 per hour unless the Court determines that a higher fee is justified by an increase in the cost of living or a special factor (such as the limited availability of qualified attorneys for the proceedings involved). 28 U.S.C. Section 2412(d)(2)(A). Plaintiff claims that a higher fee is justified in this case.

According to Sambrooks's counsel, as per his Affirmation, the cost of living -- as reflected in the Consumer Price Index for the Midwest urban region -- has increased from 151.70 in March 1996, the effective date of the EAJA, to 219.033 in December 2012, the month in which the majority of the work was performed at the District Court level, and to 222.902 in July 2013, when the majority of the work was performed at the United States Court of Appeals level. The increase applied to the $125 per hour limit on EAJA fees set in March 1996 amounts to an adjusted hourly rate of $180.85 per hour for the work done before the District Court (approximately a 44% increase since the hourly rate set in 1996) and $183.67 for the work done before the Court of Appeals (approximately a 47% increase since 1996). As noted in Sambrooks's Affirmation and supplemental Affidavits, the cost of litigating a claim by counsel's office has increased by approximately 75% from 1996 to 2012-2013. Therefore, this Court finds

that the requested increase in the adjusted hourly rate by counsel in this case of 44% and 47%, respectively, based on the CPI for the Midwest Region is reasonable.

In addition, as noted in Sambrooks's Affirmation and supplemental Affidavit, the cost of litigating a claim by counsel's office has increased by approximately 75% from 1996 to 2012. Therefore, the requested increase in the adjusted hourly rate by counsel in this case of 44% and 47% based on the CPI is reasonable. The Seventh Circuit has held that District Courts are permitted to order an adjusted hourly rate based on the type of evidence provided by counsel as part of this motion. *See Matthew-Sheets v. Astrue*, 653 F.3d 560, 563-565 (7th Cir. 2011) (finding it appropriate to request a higher fee hourly rate based on a cost of living increase using evidence of inflation and the law firm's own particular circumstances of increased cost of doing business). *See also Fike v. Astrue*, No. 1:11-CV-168, 2012 WL 3656420 *2-3 (N.D.Ind. Aug. 23, 2012) (Cosbey, M.J.) (finding adjusted hourly rate based on CPI appropriate based on even less proof regarding attorney's market rate than presented here); *Arnett v. Astrue*, No. 1:10-CV-226-RLMRBC, 2012 WL 3079115 *1-2 (N.D.Ind. July 26, 2012) (Miller, J.) (finding increase justified based on evidence presented showing increased rental rates by Plaintiff's counsel).

Sambrooks has requested that EAJA fees be awarded in the amount of $19,953.09 reflecting the hourly rate of $180.48 for the 32.5 hours of work performed by her attorneys before this court and at the hourly rate of $183.67 for the 76.70 hours of work performed by her attorneys before the Seventh Circuit Court of Appeals. Additionally, Sambrooks requests costs in the amount of $3,505.52, reflecting the federal court filing fees and the printing and travel costs.

Sambrooks requests that EAJA fees be made payable to Sambrooks's attorney pursuant

to the assignment attached to this motion after the fee award becomes final, and it is determined that Sambrooks does not have any outstanding federal debt subject to collection. As the Supreme Court noted in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), "the Government has…continued the direct payment practice...in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'"

As the Commissioner has not objected to the fee request, and the fee request is reasonable and supported by appropriate affidavits, the request will be granted in its entirety.

## Conclusion

On the basis of the foregoing, Sambrooks fee request [DE 28] is hereby GRANTED. The Court awards Sambrooks fees in the amount of $19,953.09 and costs in the amount of $3,505.52.

Entered: October 20, 2014.

s/ William C. Lee
William C. Lee, Judge
United States District Court